UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 19-40972

JANICE ANN BRAYAN,  Chapter 7

Judge Thomas J. Tucker

Debtor.
_____/

**ORDER DISAPPROVING THE APRIL 10, 2019 STIPULATION
FOR CONVERSION (DOCKET # 40), AND SCHEDULING A FURTHER HEARING ON
THE DEBTOR'S MOTION TO CONVERT THIS CASE TO CHAPTER 13**

The Debtor filed a motion to convert this Chapter 7 case to Chapter 13 (Docket # 25, the "Motion"). The Chapter 7 Trustee objected. The Court held a hearing on April 3, 2019, at which time counsel for the Debtor and counsel for the Trustee stated that they had agreed to settle their dispute, on terms that would include conversion of this case to Chapter 13.

On April 10, 2019, the Debtor's attorney filed a stipulation joined by the Trustee, entitled "Stipulation To Resolve Objection and Convert Chapter 7 Case to Chapter 13" (Docket # 40, the "Stipulation"). The parties stipulated to the entry of an order for conversion. Their proposed order states, in relevant part:

> IT IS FURTHER ORDERED The Chapter 13 plan shall:
>
>> a. Allow and pay an administrative expense in the amount of $1,200 to Clayson, Schneider & Miller, PC for chapter 7 trustee legal fees incurred to date, pursuant to their duly filed proof of claim.
>>
>> **b. Allow and pay an administrative expense in the amount of $5,900 to Timothy J. Miller the Chapter 7 Trustee pursuant to *In re Horton*, 2004 Lexis 1408 (SD Ohio 2014), *In re Bartlett*, 590 B.R. 175 (D. Mass. 2018), Also See generally *In re Yanna* Case No. 13-60811-tjt (ED Mich.).**

(Ex. A to Stipulation (emphasis added)).

The Court will not enter this proposed Order, because the Court will not approve the Chapter 7 Trustee obtaining any fee or administrative expense if this case is converted to Chapter 13, without the Chapter 7 Trustee having made any disbursements or having turned over any money to any non-debtor parties in interest. The Court agrees with the line of cases that hold that under the plain language of 11 U.S.C. § 326(a), a Chapter 7 trustee is not entitled to any compensation, when a Chapter 7 case is converted to Chapter 13 with the Chapter 7 trustee having made no disbursements.[1] *See, e.g., In re Pivinski*, 366 B.R. 285, 289 (Bankr. D. Del. 2007); *In re Fischer*, 210 B.R. 467, 469 (Bankr. D. Minn.1997); *In re Silvus*, 329 B.R. 193, 214–15 (Bankr. E.D. Va. 2005).[2]

For these reasons,

IT IS ORDERED that:

1. The Court disapproves the stipulation of the Debtor and the Chapter 7 Trustee, filed April 10, 2019 (Docket # 40).

2. The Court will hold a further hearing on the Motion (Docket # 25) on **May 1, 2019 at 9:00 a.m.**

---

[1] The Court does not exclude the possibility that the attorneys for the Chapter 7 Trustee may be able to obtain allowance of an administrative expense after a conversion of this case to Chapter 13, for their work during the Chapter 7 phase of this case. For example, this is what happened in the case of *In re Sharkey*, Case No. 16-44445 (Order filed August 25, 2016, Docket # 89) (granting the former Chapter 7 Trustee's counsel an allowed administrative expense after the case was converted to Chapter 13). In that case, the Chapter 7 Trustee did not seek any fee or administrative expense.

[2] Before making a definitive ruling on this issue in this case, the Court gave the parties an opportunity to brief the issue. Such optional briefs were due to be filed, if at all, no later than April 19, 2019. *See* the Order filed April 12, 2019 (Docket # 42). No such briefs were filed.

3. If the Debtor and the Chapter 7 Trustee agree on a revised stipulated order resolving the Trustee's objection to the Motion, which is consistent with this Order, they may file a new stipulation and submit a new proposed order.

**Signed on April 22, 2019**



/s/ Thomas J. Tucker
**Thomas J. Tucker
United States Bankruptcy Judge**

3